IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Cody Richardson<br><br>Plaintiff,<br><br>v.<br><br>Dee Dee Brookhart, Daniel Downen, Rob Jeffreys, Camile Lindsay, John Eilers,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-cv-3126<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendants Dee Dee Brookhart, Daniel Downen, Rob Jeffreys, Camile Lindsay, and John Eilers's Motion to Dismiss. (Doc. 9, Defs' Mot. Dismiss). For the following reasons, the Motion to Dismiss is GRANTED without prejudice.

### I.   BACKGROUND

On July 8, 2022, Plaintiff Cody Richardson filed a complaint alleging that the defendants violated his rights under the Fourteenth Amendment and 42 U.S.C. § 1983. (Doc. 1, Pl. Compl.). On November 7, 2022, Defendants Brookhart, Downen, Jeffreys, Lindsay, and Eilers moved to dismiss based on Richardson's failure to state a claim. (Doc. 9; Doc. 10, Defs' Mot. Dismiss Mem.).

## II.   FACTUAL ALLEGATIONS

On December 1, 2020, Richardson was involved in an incident with an inmate, during which Richardson used pepper spray on the inmate. (Doc. 1, Pl. Compl., 3). Richardson alleged that he fully complied with the Department of Corrections' use of force policy. (*Id.*). The relevant policy states: "Force shall be employed only as a last resort or when other means are unavailable or inadequate, and only to the degree reasonably necessary to achieve a permitted purpose." 20 Ill. Adm. Code 501.30. "Force" is defined as "physical contact used to coerce or prevent some action on the part of a committed person, and the use of chemical agents." 20 Ill. Adm. Code 501.20. Richardson also alleged that Lindsay and Jeffreys have insisted that employees be seriously disciplined and discharged following the use of force against an inmate, due to their view that force should never be used. (Doc. 1, at 3).

On April 28, 2021, Richardson was the subject of an employee review board hearing before Downen. (Doc. 1, at 3). Downen recommended that Richardson be suspended for a period of 10 days. (*Id.* at 4). Brookhart recommended that Richardson be suspended for 7 days. (*Id.*). Jeffreys, Lindsay, and Eilers determined that Richardson be terminated from his position of employment, and he was terminated on June 25, 2021. (*Id.*). Later, Richardson was reinstated but served a period of suspension. (*Id.*).

Richardson now contends that the use of force policy was not applied to him, and that he was instead subject to the unwritten rule devised by Lindsay and Jeffreys. (Doc. 1, at 4). He argues that the unwritten rule provided no notice that his use of force was prohibited. (*Id.* at 5). Thus, he believes the unwritten rule is unconstitutionally vague.

In their combined motion to dismiss, Defendants allege Richardson has failed to sufficiently bring a claim because he was disciplined for violating the rule as written. (Doc. 10, Defs' Mot. Dismiss Mem., 3). Richardson responded by arguing that the unwritten rule is vague because he was not aware that the unwritten rule would govern his conduct. (Doc. 11, Pl.'s Response to Mot. Dismiss, 5). Further, he contends a factual dispute exists because Defendants suggest he was disciplined under the written policy instead of the unwritten rule. (*Id.* at 6).

### III. DISCUSSION

#### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458.

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. The Defendant's Use of Force Policy

It is a basic principle of due process that a statute or policy is void for vagueness if its prohibitions are not clearly defined, like when it "fails to provide a person of ordinary intelligence fair notice of what is prohibited." *Brown v. Chicago Bd. of Educ.*, 824 F.3d 713, 716-17 (7th Cir. 2016); *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). In order to survive a vagueness challenge, the policy must provide fair notice of conduct that is forbidden or required. *F.C.C. v. Fox TV Stations, Inc.*, 567 U.S. 239, 253 (2012).

A public employee may challenge the rules pursuant to which he was disciplined on the basis that they are void for vagueness. *See Greer v. Amesqua*, 212 F.3d 358, 369 (7th Cir. 2000). An employee code of conduct does not need to be as clear as a criminal law. *Brown*, 824 F.3d at 717. A "regulation is not vague because it may at times be difficult to prove an incriminating fact but rather because it is unclear as to what fact must be proved." *F.C.C.*, 567 U.S. at 253. Further, the government acting in the role of employer enjoys much more latitude in crafting reasonable work regulations for its employees than it does in crafting regulations applicable to the general public. *Greer*, 212 F.3d at 369.

Typically, the existence of a policy, custom, or practice is a question of fact for the jury. But even at this stage, the plaintiff cannot simply allege that there is a policy in place; rather he must plead facts that, if true, would give rise to a plausible inference that such a policy exists. *See Twombly*, 550 U.S. at 555 (The "[f]actual allegations must be enough to raise a right to relief above the speculative level."). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). With formal or written policies,

satisfying this pleading standard is simple: the plaintiff can simply allege what the policy is and where it is codified. With informal, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct or use other evidence to demonstrate the policy's existence. *See Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981) ("[W]here the plaintiff alleges a pattern or a series of incidents of unconstitutional conduct, then the courts have found an allegation of policy sufficient to withstand a dismissal motion."). Put simply, the expectation at this stage is that a plaintiff must allege specific facts regarding why he believes an unwritten policy exists and what that policy is.

For example, in *McCauley v. City of Chicago*, 671 F.3d 611, 618-19 (7th Cir. 2011), the Court held that the plaintiff did not allege enough factual content to prove his claim of an unwritten policy. The Court stated that for the claim to survive a motion to dismiss, the plaintiff's complaint must have included enough factual allegations to allow the Court to draw the reasonable inference that the unconstitutional policy or practice existed. *McCauley*, 671 F.3d at 618. The plaintiff's failure to support the allegation was fatal to the claim, particularly because the allegations set forth by the plaintiff were also consistent with lawful conduct. *Id.* at 619.

Here, the written policy gives fair notice of what conduct is prohibited. The written policy states: "Force shall be employed only as a last resort or when other means are unavailable or inadequate, and only to the degree reasonably necessary to achieve a permitted purpose." 20 Ill. Adm. Code 501.30. "Force" is defined as "physical contact used to coerce or prevent some action on the part of a committed person, and the use of

chemical agents." 20 Ill. Adm. Code 501.20. Thus, the use of pepper spray was clearly prohibited unless it was a last resort. Therefore, the prohibition listed in the written code of conduct is not vague as applied. Richardson was properly on notice that his use of pepper spray could lead to disciplinary action. Indeed, Richardson himself does not argue that the written policy was unconstitutionally vague but, rather, focused on the application of the alleged unwritten policy. (Doc. 1, at 4; Doc. 11, at 5).

To that end, Richardson claims that he was subject to "unspoken and arbitrary rules" that were unconstitutionally vague. (Doc. 11, at 6). Richardson avers that the unwritten rule was that employees who use force against an inmate should be seriously disciplined and discharged, due to Lindsay and Jeffreys's view that force should never be used against inmates. (Doc. 1, at 3). But, just as the plaintiff in *McCauley*, Richardson failed to include any specific factual allegations explaining why he believed the unwritten policy existed. *See McCauley*, 671 F.3d at 618. Without that factual support, there is not a plausible inference that such a policy exists and that Richardson is entitled to relief. *See Twombly*, 550 U.S. at 555.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss under Rule 12(b)(6) is GRANTED without prejudice. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court grants leave for Richardson to file an amended complaint within 21 days of this Order.

ENTER: May 15, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE