E-FILED
Friday, 28 August, 2026 04:28:31 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CODY RICHARDSON,** <br> **Plaintiff,** <br><br> **v.** <br><br> **DEE DEE BROOKHART, DANIEL DOWNEN, ROB JEFFREYS, CAMILE LINDSAY, and JOHN EILERS,** <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 22-cv-3126** |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants'[1] Motion for Summary Judgment (Doc. [27]). For the following reasons, Defendants' Motion is GRANTED.

## I. BACKGROUND[2]

Plaintiff Cody Richardson began employment with the Illinois Department of Corrections ("IDOC") in October 2012 as a correctional officer and was later promoted to a correctional sergeant. (Doc. 27 at ¶ 1). On December 1, 2020, an incident occurred between Plaintiff and an individual in custody, Marshall. (*Id.* at ¶ 2). Marshall had used the phone longer than he was permitted, and though Plaintiff repeatedly instructed him

---

[1] Defendants are: Dee Dee Brookhart, the Acting Warden at the Lawrence Correctional Center; Daniel Downen, a Clinical Services Supervisor at the Illinois Department of Corrections assigned as the Employee Review Hearing Officer; Rob Jeffreys, the Department's Director; Camile Lindsay, the Chief of Staff to the Director; and John Eilers, the Chief of Operations for the Department.

[2] Unless otherwise noted, the following facts are taken from Defendants' list of undisputed material facts (Doc. 27) and Plaintiff's additional statement of facts (Doc. 31 at 6–8). Disputes are noted where relevant. Additionally, Defendants' list includes two paragraphs numbered as "13." Accordingly, where relevant, the Court cites to each corresponding paragraph numbered 13 as "13.A" or "13.B," respectively.

to return to his cell, Marshall continued to refuse. (Doc. 31 at ¶¶ 2–9). Plaintiff warned Marshall that if he did not comply, Plaintiff would pepper-spray him. (*Id.* at ¶ 9). Marshall became irate and aggressive and moved his hand in such a manner that Plaintiff believed was an attempt to strike him.[3] (*Id.* at ¶¶ 2, 10). As a result, Plaintiff pepper-sprayed Marshall. (*Id.*). Plaintiff filed an incident report after the encounter and an investigation was conducted by Lieutenant Shawn Ochs. (Doc. 27 at ¶ ¶ 3, 4).

The Illinois Administrative Code provides that "[f]orce shall be employed only as a last resort or when other means are unavailable or inadequate, and only to the degree reasonably necessary to achieve a permitted purpose." 20 Ill. Admin. Code 501.30(a); *see also id.* § 501.40(a) (enumerating six circumstances in which non-deadly force may be used); *id.* § 501.60 (describing when and how chemical agents may be used) (collectively, the "use-of-force rules"). "Force means physical contact used to coerce or prevent some action on the part of a committed person, and the use of chemical agents." *Id.* § 501.20. Furthermore, IDOC policy provides that "[e]mployees shall be required to cooperate with any internal investigation" and "[a]ny employee who knowingly provides false information . . . shall be subject to disciplinary action, including discharge." IDOC A.D. 03.02.108 (Standards of Conduct) §§ II.G.9, 10. (Doc. 27-5 (Ex. E)).[4]

---

[3] The fact that Marshall attempted to strike Plaintiff is purportedly belied by the video footage. (Doc. 27-5 (Ex. E) at Nos. 47–49). Although it is ultimately immaterial here, Defendants did not submit a reply responding to the additional fact, so it is admitted. Civil L.R. 7.1(D)(3)(a)(5) ("A failure to respond to any numbered [additional] fact will be deemed an admission of that fact.").

[4] It is undisputed that Plaintiff "was familiar with the Department policies, rules, and standards." (Doc. 27 at ¶ 13.A).

Lieutenant Ochs interviewed witnesses and reviewed surveillance footage of the incident. (*Id.* at ¶ 5). He concluded that Plaintiff's use of force in the incident violated use of force policies and Plaintiff failed to provide accurate information in his statements. (*Id.*). After an Employee Review Hearing occurred, Defendant Downen agreed with Lieutenant Ochs's conclusions and recommended Plaintiff receive a ten-day physical suspension. (*Id.* at ¶¶ 10, 13.B–14).[5] Defendant Brookhart instead recommended seven days. (*Id.* at ¶ 15). Defendant Jeffreys recommended Plaintiff's employment be terminated. (*Id.* at ¶ 16).

Plaintiff was suspended pending discharge on June 10, 2021 and ultimately terminated from IDOC effective June 25, 2021. (*Id.* at ¶¶ 17, 18). Plaintiff's termination was reversed in October 2021 and reduced to a served 25-day suspension and general leave of absence. (*Id.* at ¶ 19). On October 16, 2021, Plaintiff returned to his position as a correctional sergeant at Lawrence Correctional Center. (*Id.* at ¶ 20).

Plaintiff brings a § 1983 claim against Defendants alleging they violated his Fourteenth Amendment rights by their enforcement of an "unwritten" and "vague" policy against him, specifically, one that "punishes individuals anytime that [Defendants] subjectively determine that too much force has been applied." (Doc. 15 at ¶ 22).

[5] Plaintiff disputes these conclusions (paragraphs 5 and 13.B) as inadmissible hearsay that cannot be considered at summary judgment. Plaintiff does not elaborate on Lieutenant Ochs's conclusions. On Defendant Downen's agreement with those conclusions, Plaintiff says only that "[t]he reference is to an exhibit that, without any foundation, is not admissible." (Doc. 31 at 5–6). These arguments are undeveloped and thus waived. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Even if they were sufficient, they fall within one or more exceptions to the rule against hearsay, *see* Fed. R. Evid. 803(6), (8).

According to Plaintiff, "[t]hroughout their tenure at the [IDOC], Lindsay and Jeffreys have taken the view that force should never be used against inmates." (*Id.* at ¶ 21). He seeks damages and equitable relief such that his disciplinary record regarding the incident be expunged. (*Id.* at ¶ 39).

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) (quotation omitted). The Court construes all inferences in favor of the nonmovant, *Siliven v. Ind. Dep't of Child Servs.*, 635 F.3d 921, 925 (7th Cir. 2011), but an inference supported only by "speculation or conjecture" cannot raise a genuine issue of material fact, *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer*, 518 F.3d at 484 (quotation omitted).

### B. Due Process

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Hicks v. Ill. Dep't of Corr.*, 109 F.4th 895, 904 (7th Cir.

2024) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "But regulations 'are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.'" *Id.* (quoting *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963)). "To survive a vagueness challenge, a law need not describe prohibited behavior with mathematical certainty but need only give a person of ordinary intelligence a reasonable opportunity to know what the rules prohibit." *Hundley v. Brookhart*, 178 F.4th 353, 357 (7th Cir. 2026) (citing *Grayned*, 408 U.S. at 108, 110). "Thus, a code of conduct for public employees is impermissibly vague only if it fails to convey adequate warning to reasonable employees as to a sufficiently defined range of inappropriate conduct that may result in discipline." *Id.* (internal quotation marks omitted). "[G]iven the unique safety and security concerns, prison employers receive even more latitude in their discipline decisions and personnel regulations than an ordinary government employer." *Id.* (internal quotation marks omitted).

Here, Plaintiff does not allege that the existing, on-the-books, use-of-force rules are unconstitutionally vague. He would be incorrect to do so, as the Seventh Circuit has held that they are not. *See Hundley*, 178 F.4th at 357 ("Under any circumstances, the term 'last resort' leaves little, if any, room for interpretation. It very clearly means 'try all other reasonable methods first.'"). Rather, Plaintiff argues that because, as he contends, there is "no evidence" showing he violated the actual use-of-force rules, Defendants must have disciplined him for violating an "unwritten" rule that he could not have been aware of, such that he could not have known that his conduct was prohibited. (Doc. 31 at 10).

Indeed, Plaintiff devotes much of his brief to his disagreement with Defendants' application of the actual use-of-force rules. Plaintiff states:

> Defendants simply claim that [Plaintiff] knew of a use-of-force policy and violated it. The problem with this argument is that it doesn't begin to address whether that was applied correctly. . . . The Defendants do not like the use of pepper spray. This is understandable, but the rules specifically allow it under the circumstances that faced [Plaintiff]. When a policy provides explicitly for the use of pepper spray, and then you discipline an employee for doing what he is allowed to do, you don't provide him with adequate notice that his conduct might run afoul of the policies. . . . [Defendants'] brief generally concludes that [Plaintiff] did not use force as a last resort, but there is absolutely no evidence of this, which precludes a grant of summary judgment. A jury could certainly conclude that the Defendants never cared about the actual facts of what occurred.

(*Id.* at 9–10). Whether the use-of-force rules were *correctly* applied, however, is not material to this case. Plaintiff brings a due process challenge alleging Defendants Lindsay and Jeffreys believe "force should never be used against inmates," and, therefore, a different, unwritten policy that "punishes individuals anytime that [Defendants] subjectively determine that too much force has been applied," was enforced against him that he could not have known about. (Doc. 15 at ¶¶ 21–22). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986), and Plaintiff does not challenge the actual use-of-force rules as vague. The proper question before the Court is whether Plaintiff has created a genuine dispute of material fact by putting forth enough evidence to substantiate his claim that the unwritten policy exists and that it was applied to him *in place of* the written rules. He has not done so.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here, by all accounts except his, Plaintiff was disciplined based on the rules as written. Lieutenant Ochs investigated the incident after he interviewed witnesses and reviewed surveillance footage and found Plaintiff 1) violated the use-of-force rules and 2) "failed to provide accurate information in his statements" in contravention of IDOC policies. (Doc. 27 at ¶ 5); (Doc. 27-3 at Nos. 78–86). Plaintiff does not argue that he was improperly disciplined for his inaccurate reporting concerning the investigation. After conducting an Employee Review Hearing, Defendant Downen found each of Plaintiff's violations substantiated by the evidence. (*Id.* at ¶¶ 10, 13.B). Next, Defendant Brookhart, and then, later, Defendant Jeffreys, each agreed that Plaintiff indeed violated the use-of-force rules and reporting policies. (*Id.* at ¶¶ 15–16); (Doc. 27-5 at Nos. 47–49). Plaintiff was placed on suspension pending discharge, and ultimately discharged, based on these violations.

Plaintiff, in turn, offers no evidence to support his version of events—that some other rule or policy was applied to him.[6] On a motion for summary judgment, a court

[6] To be sure, in his complaint, Plaintiff offered some reasoning why he believed an unwritten rule had been applied to him, which included statements from the Illinois Fraternal Order of Police Lodge 263 concerning IDOC leadership as well as two incidents at other IDOC facilities where Plaintiff claims, without evidence, that an unwritten use-of-force policy was enforced. (Doc. 15 at ¶¶ 15–16, 24–25). But none of this was included in Plaintiff's statement of additional facts, let alone referenced in his brief. And in any event, these allegations alone are insufficient to create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 249 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)) ("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint.'").

need not draw inferences favorable to the nonmovant when his set of facts "are supported by only speculation or conjecture." *Harper*, 687 F.3d at 306 (internal quotation marks omitted). Even if the *correct* application of the written use-of-force rules were a material factual dispute that could provide some evidence of that "unwritten" rule, the dispute is not genuine for these same reasons: There is insufficient evidence supporting Plaintiff that could support a jury verdict in his favor. *See Anderson*, 488 U.S. at 248–49. Accordingly, there is no genuine dispute of any material fact and Defendants are entitled to judgment as a matter of law.

**C. Qualified Immunity**

To the extent Plaintiff seeks damages, Defendants are otherwise entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Doe v. Gray*, 75 F.4th 710, 716 (7th Cir. 2023) (quotation omitted). Courts ask 1) "whether officials violated a federal right" and 2) "whether the unlawfulness of their conduct was clearly established at the time." *Villalobos v. Picicco*, 168 F.4th 1057, 1062 (7th Cir. 2026) (internal quotation marks omitted). "Unless both questions are answered in the affirmative, the defendant is protected by qualified immunity." *Id.* (citation omitted).

District courts are permitted "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236

(2009); *see also Villalobos*, 168 F.4th at 1063 ("[A] district court can grant a motion for summary judgment on qualified immunity grounds by relying on either prong of the test."). Here, Plaintiff has not demonstrated a violation of his Due Process rights. As discussed, the evidence in this case clearly shows that Defendants disciplined Plaintiff for violating the unambiguous use-of-force and reporting policies that were on the books. Plaintiff has offered no evidence suggesting their application of a vague, "unwritten" rule to make out a constitutional violation. For this reason, and because additional latitude is afforded to prison employers in their disciplinary decisions and personnel regulations, *see Hundley*, 178 F.4th at 357, Defendants receive qualified immunity.[7]

## III. CONCLUSION

Based on the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. [27]) is GRANTED. Clerk is directed to enter Judgment in favor of Defendants and close this case.

ENTER: August 28, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

[7] Additionally, Plaintiff did not carry his burden in proving the law was clearly established. "A plaintiff carries this burden by pointing to specific cases, not general legal principles." *Villalobos*, 168 F.4th at 1063 (citing *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021)). Plaintiff cited only *Bence v. Breier*, 501 F.2d 1185 (7th Cir. 1974), in support for the general proposition that the "case made it clear that vague employment policies can't be applied against employees if they are required to guess at whether there [sic] conduct would violate the rule." (Doc. 31 at 15). Plaintiff did not explain how *Bence*—which concerned a police department's unconstitutionally vague rule that proscribed "conduct unbecoming a member and detrimental to the service"—was analogous to the instant case, which bears on alleged application of an "unwritten" rule despite the existence of written rules of conduct that are clearly understood. 501 F.2d at 1186, 1193.